Dewey, J.
The question here raised is that of the validity of a tax assessed under a vote of the defendants, passed at a meeting originally held on the 16th of March, 1848, and continued by adjournment to the 26th of June, 1848. It is insisted, on the part of the plaintiff, that this meeting was not legally called. It appears by the facts stated, that the same was called by the clerk of the school district.
The provisions of law on this subject are found in the Rev. Sts. c. 23, §§ 46, 47, 48. The forty-sixth section authorizes the selectmen of the towns divided into school districts, and the prudential committee of every school district, to issue warrants for meetings of such school districts, upon application of three or more tax-payers. The forty-seventh section prescribes the mode of notifying such meetings, or, as it is expressed in this and the preceding sections, the mode “of warning their meetings,” when the district has not prescribed any other mode of warning them. The forty-eighth section gives full power to the districts to prescribe the mode of warning all meetings of the district, and the further power of directing by whom they shall be called.
The meeting of this school district, held on the 16th of March, 1846, was not called by a warrant from the selectmen, or the prudential committee. If legally called, it was under the provisions of the forty-eighth section, authorizing the district to prescribe the mode of calling the meeting.
Whether such mode has been prescribed by the district, is the real question in tMs case.
*594 It is contended, that the district has done so by its vote of the 31st of March, 1846, when, under an article in a warrant calling such meeting from the selectmen of the town, “ to see what method the district will prescribe for warning all future • meetings in said school district,” the school district voted, “ that future meetings be notified by posting up notices at the school-house,” &e., and that “ the clerk warn all future meetings in said district.” The above is the only vote of the district prescribing the mode of calling meetings. Under this authority, the clerk called the meeting at which the money was raised, and the tax assessed upon the plaintiff.
Does this vote of the district, prescribing the manner of warning meetings of the district,' confer upon the clerk power to call the meeting ? In common parlance, the terms “ calling a meeting ” and “ warning a meeting ” have doubtless been used as expressing the same idea; but looking at these terms as used by the legislature in the revised statutes, and particularly in the sections above referred to, the distinction is most obviously taken between the terms “ calling ” a meeting and “ warning ” a meeting.
Thus, the forty-sixth section, after prescribing the duty of the selectmen and prudential committees to issue a warrant for such meetings, farther directs them to require one of the persons applying for such meeting to warn the members of the district to meet at the time and place ordered. Here, “ to warn ” clearly means nothing more than to notify a meeting appointed by other authority. In the forty-seventh section, “ warning ” is used in a like sense. But the forty-eighth section is still more explicit as to this matter, inasmuch as, after having fully provided for the case of warning meetings, it then proceeds to provide for the calling of meetings, treating the two subjects as distinct.
The only view we have been able to take of this matter is, that the authority conferred upon the clerk by the school district was the limited one of warning meetings that had been duly called by some other authority, and that this meeting, having been called by him, was not legally called, and the *595 further proceedings were not authorized by law, and the tax levied upon the plaintiff was therefore invalid, and may be recovered back in the present action.

Judgment for the plaintiff.